**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAZARO REYES CRUZ, on behalf of himself, FLSA Collective Plaintiffs, and the Class<br><br>Plaintiff,<br><br>- against -<br><br>70-30 AUSTIN STREET BAKERY INC. d/b/a MARTHA'S COUNTRY BAKERY; 41-06 BELL BLVD. BAKERY LLC d/b/a MARTHA'S COUNTRY BAKERY; G.V.S. BAKERY, INC. d/b/a MARTHA'S COUNTRY BAKERY; MARTHA'S COUNTRY BAKERY 2 LLC d/b/a MARTHA'S COUNTRY BAKERY; MARTHA'S COUNTRY BAKERY 3 LLC d/b/a MARTHA'S COUNTRY BAKERY; GEORGE STERTISIOS, and ANTONIO ZANNIKOS,<br><br>Defendants. | No. 18-CV-7408 (PAE) |

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER THE FLSA**

---

**AKERMAN, LLP**
ATTORNEYS FOR DEFENDANTS
666 FIFTH AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10103
PHONE: (212) 880.3800
FAX:   (212) 905.6405

47445163;1

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .......................................................................................................4

ARGUMENT ...........................................................................................................................7

I.      PLAINTIFF'S MOTION MUST BE DENIED BECAUSE HE IS NOT
        SIMILARLY SITUATED TO THE PURPORTED CLASS MEMBERS.........................7

II.     PLAINTIFF'S MOTION MUST BE DENIED BECAUSE COURTS IN THIS
        CIRCUIT HAVE HELD THAT THE EXACT DECLARATION HE
        SUBMITTED IS INSUFFICIENT TO SATISFY HIS EVIDENTIARY BURDEN........12

III.    IN THE ALTERNATIVE, THE PROPOSED CLASS OF INDIVIDUALS
        INCLUDED IN COLLECTIVE ACTION MUST BE NARROWED.............................19

IV.     IN THE ALTERNATIVE, DEFENDANTS OBJECT TO THE FORM AND
        CONTENT OF THE PROPOSED NOTICE.....................................................................22

V.      PLAINTIFF'S REQUEST FOR THE PRODUCTION OF INFORMATION
        REGARDING VARIOUS FORMER AND CURRENT EMPLOYEES OF BOTH
        CORPORATE DEFENDANTS IS OVERLY BROAD.....................................................24

CONCLUSION.......................................................................................................................25

## TABLE OF AUTHORITIES

**Cases**

*Alvarez v. IBM Restaurants Inc.*,
839 F. Supp. 2d 580 (E.D.N.Y. 2012)……………….………………………………………… 22

*Chen-Oster v. Goldman, Sachs & Co.*,
293 F.R.D. 557 (S.D.N.Y. 2013)…………………………………………………………….. 24

*Colon v. Major Perry St. Corp.*,
No. 12 Civ. 3788 (JPO),
2013 WL 3328223 (S.D.N.Y. July 2, 2013)………………………………………………… 20

*Dybach v. State of Fla. Dep't of Corrections*,
942 F.2d 1562 (11th Cir. 1991)……………..……………………………………………… 8

*Fa Ting Wang v. Empire State Auto Corp.*,
No. 14-CV-1491 (WFK) (VMS),
2015 WL 4603117 (E.D.N.Y. July 29, 2015)  ………………………………………… 13, 19, 20

*Garcia v. Spectrum of Creations Inc.*,
No. 14 Civ. 5298 (AJN)(GWG),
2015 WL 2078222 (S.D.N.Y. May 4, 2015)…………………………………………………… 20

*Gavenda v. Orleans County*,
182 F.R.D. 17 (W.D.N.Y. 1997)………….……………………………………………… 24

*Hoffmann-La Roche, Inc. v. Sperling*,
493 U.S. 165 (1989)……………..……………………………………………… 7

*Hoffmann v. Sbarro, Inc.*,
982 F. Supp. 249 (S.D.N.Y. 1997)………………………………………………………… 8

*Ikikhueme v. CulinArt, Inc.*,
No. 13 Civ. 293 (JMF),
2013 WL 2395020 (S.D.N.Y. June 3, 2013)……………………………………..…….......13

*Jeong Woo Kim v. 511 E. 5th St., LLC*,
985 F. Supp. 2d 439 (S.D.N.Y. 2013)…………………………………………………..…… 4

*Levinson v. Primedia Inc.*,
No. 02 Civ. 2222 (CBM),
2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003)………..…………………………………… 13

*Lujan v. Cabana Management, Inc.*,
No. 10–CV–755,
2011 WL 317984 (E.D.N.Y. Feb. 1, 2011)……...…..……………………………………… 22

## TABLE OF AUTHORITIES

*Mata v. Foodbridge LLC*,
No. 14 Civ. 8754 (ER),
2015 WL 3457293 (S.D.N.Y. June 1, 2015)……………………..…….…..…... . . . . ......*passim*

*Mata-Primitivo v. May Tong Trading Inc*.,
No. 13 Civ. 2839 (CBA) (MDG),
2014 WL 2002884 (E.D.N.Y. May 15, 2014)……………………………………………….. 24

*McBeth v. Gabrielli Truck Sales, Ltd*.,
768 F.Supp.2d 396 (E.D.N.Y. 2011)……………………………………………………… 22

*Morales v. Plantworks, Inc*.,
No. 05 Civ 2349 (DC),
2006 WL 278154 (S.D.N.Y. Feb. 2, 2006)…………..……………………………………… 13

*Morris v. Lettire Const. Corp*.,
896 F. Supp. 2d 265 (S.D.N.Y. 2012)……………………………………………………….. 21

*Myers v. Hertz Corp*.,
624 F.3d 537 (2d Cir. 2010)………………………………………...……………7, 8, 14

*Qing Gu v. T.C. Chikurin, Inc*.,
No. 13 Civ. 2322 (SJ)(MDG),
2014 WL 1515877 (E.D.N.Y. Apr. 17, 2014)…………………………………………..…...13

*Ritz v. Mike Rory Corp*.,
No. 12-CV-367 (JBL)(RML),
2013 U.S. Dist. LEXIS 61634 (E.D.N.Y. Apr. 29, 2013)………..………………………… 23

*Romero v. H.B. Automotive Group, Inc*.,
No. 11 CIV 386 (CM),
2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012)…..…………………………….… 6, 7

*Romero v. La Revise Assocs., L.L.C*.,
968 F. Supp. 2d 639 (S.D.N.Y. 2013)……………………………………………….... 7

*Sanchez v. JMP Ventures, L.L.C*.,
No. 13 Civ. 7264 (KBF),
2014 WL 465542 (S.D.N.Y. Jan. 27, 2014)……………..……………………….......... *passim*

*She Jian Guo v. Tommy's Sushi Inc*.,
No. 14 Civ. 3946 (PAE),
2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014)……..……………………...………….……... 13

## <u>TABLE OF AUTHORITIES</u>

*Silva v. Calle 8, LLC*,
No. 12-CV-677 (ERK)(MDG),
2013 U.S. Dist. LEXIS 171696 (E.D.N.Y. Dec. 5, 2013)………..…………………………. 8, 12

*Summa v. Hofstra Univ.*,
715 F. Supp. 2d 378 (E.D.N.Y. 2010)……………………………………………………….. 21

*Zheng v. Good Fortune Supermkt. Grp. (USA), Inc.*,
No. 13-CV-60,
2013 WL 5132023 (E.D.N.Y. Sept. 12, 2013)………………………………...……….. 13

**Statutes**

29 C.F.R. § 774…………...…………………………….…...….……….……….…….…….. 10

29 U.S.C. § 216(b)…………...………………………………………………………….. *passim*

## PRELIMINARY STATEMENT

Plaintiff's Motion for Conditional Certification ("Motion") is nothing more than a last-ditch attempt by Plaintiff's counsel to use the collective action mechanism to locate a plaintiff that, unlike his own client, may actually have an FLSA claim that could keep this action alive. As set forth more fully below, Plaintiff's own allegations and evidence demonstrate that his individual FLSA claim fails, and his Motion similarly crumbles on its shoddy evidential foundation — a single self-serving and conclusory declaration that has been repeatedly rejected by courts in this district.

With respect to Plaintiff's individual FLSA claim, the Complaint alleges that Plaintiff worked 42 hours per week during the relevant period but was paid for 60 hours per week.  He further alleges that he was aware of this arrangement, because he received payment vouchers that explained how this amount was calculated, including his standard rate and number of hours paid at that rate, his overtime rate and the number of hours paid at that rate, and the total amount of compensation issued.  The only part of these vouchers that Plaintiff claims was incorrect is the hours — Plaintiff claims he worked *less* hours than he was compensated for, and his exhibits show he worked *even less* hours than he claims.  In short, Plaintiff's own allegations demonstrate that the only error in his compensation was that he was overpaid.  In any event, the FLSA is clear that employers are permitted to pay employees a regular rate for the first 40 hours, overtime (at 1.5 times the regular rate for all hours more than 40, and guarantee payment of up to a set amount of hours, even if the employee does not work that number of hours.  In other words, as is permitted under the FLSA, Plaintiff was an hourly employee who was paid a regular rate and an overtime rate, when applicable, but when he worked less than 60 hours, would be paid for the 20 hours of overtime at the premium overtime rate.  Thus, for instance, if Plaintiff worked 52 hours, he was paid 40 hours at the regular rate, 12 hours at the overtime rate, and an additional 8 hours at the overtime rate in excess compensation.  If Plaintiff worked 61 hours, he would be paid for 21 hours at the overtime rate and 40 at the regular rate.

As to his class allegations, Plaintiff submits a sole piece of evidence to support his claim that other employees were subject to the same errant pay practice that he was.  This evidence, a single self-serving declaration from Plaintiff himself, contains a variety of conclusory allegations based on his "personal knowledge" and "conversations with co-workers" without any further detail.  Courts in this circuit have repeatedly denied motions for certification on the ground that declarations of this nature — and indeed, this particular declaration written by this particular firm — are insufficient.

Even if this court were to depart from this precedent, Plaintiff's proposed collective is so broadly defined that the vast majority of employees within its parameters would have absolutely no similarity to Plaintiff in terms of the claim being asserted in this litigation and/or would not conceivably possess a timely claim under the FLSA.  For instance, in the Complaint, Plaintiff alleges that he was formerly employed by 70-30 Austin Street Bakery, Inc. (the "Forest Hills Bakery") as a baker, and that he was paid a fixed weekly rate in cash for every pay period in which he was employed.  This is the factual basis for Plaintiff's overtime claim under the FLSA (*i.e.,* the *only one* of his claims for which conditional certification can be sought), but Plaintiff is not requesting conditional certification of a collective action consisting of other bakers employed by the Forest Hills Bakery and paid a fixed weekly rate within the three-year statute of limitation period applicable to FLSA claims.  Rather, he asks this Court to conditionally certify a collective action consisting of every single "non-exempt" individuals employed by any Martha's Bakery franchise at any point during the past six (6) years, regardless of the position they held, the franchise by which they were employed, the manner in which they were compensated, and/or whether they could even conceivably assert a timely claim under the FLSA.  Plaintiff's proposed collective would, in his own words, "includ[e] but not [be] limited to all bakers, baristas, cake decorators, dishwashers, counter staff members, and wait staff members."  *See* Plaintiff's Memorandum of Law in Support of Motion for Conditional Certification ("Pl. MOL") at 1.

That this proposed class is overbroad would be a gross understatement.  First, Plaintiff has not articulated any factual or legal basis for including front-of-the-house employees such as wait staff, baristas, and counter staff in his proposed collective action, as such employees work in an entirely different environment, perform entirely different job duties, and (most importantly) are compensated in an entirely different manner than the flat rate weekly structure upon which Plaintiff's entire FLSA claim is premised given their status as tipped employees, among other things.

Second, Plaintiff has not offered any factual or legal basis for including employees of defendants other than the Forest Hills Bakery in the collective action.  Indeed, he has not offered a single third-party affidavit from any individual who has been employed by the other franchises (or his own, for that matter), nor has he identified any specific conversations he had with any employees who work at these franchises regarding the terms or conditions of their employment. Rather, he has simply opined in his boilerplate declaration that the employees of all Martha's Bakery franchises are subject to the same wage and hour policies he was subjected to during his employment with the Forest Hills Bakery, absent any personal knowledge of whether that is actually true.  As a matter of law, such speculative statements are not sufficient to justify the inclusion of entities other than Plaintiff's actual employer within a single collective action under the FLSA.

Third, given that the statute of limitations that applies to FLSA claims is two or three years, depending on whether the subject violation was willful, Plaintiff's request to include any individual who was employed by any of the franchises within the past six years is not only devoid of merit but also entirely inconsistent with the vast body of case law adopting a three-year cut off for purposes of identifying the employees to whom opt-in notices should be sent.

For these reasons, and as set forth more fully below, Defendants submit this memorandum of law in opposition to Plaintiff's motion for conditional certification of a

collective action under the FLSA and respectfully request that this Court deny this motion in its entirety.[1]

## STATEMENT OF FACTS[2]

Defendants 70-30 Austin Street Bakery Inc. (the "Forest Hills Bakery"), 41-06 Bell Blvd. Bakery LLC (the "Bayside Bakery"), G.V.S. Bakery, Inc. (the "Astoria Bakery"), Martha's Country Bakery 2 LLC (the "Williamsburg 263 Bakery"), and Martha's Country Bakery 3 LLC (the "Williamsburg 175 Bakery" and, together with the other bakeries, "Corporate Defendants") are each franchises of Martha's Country Bakery. They share a common website, for branding purposes, but are individually owned and operated.

George Stertsios and Antonio Zannikos (collectively, "Individual Defendants") are managers of the Forest Hills Bakery only.

According to his Complaint, Plaintiff Lazaro Reyes Cruz ("Plaintiff") was employed by the Forest Hills Bakery as a baker between January 2007 and February 2018. *See* Compl. ¶ 27. Plaintiff claims that he initially worked 60 hours per week, but that, during the relevant statutory period of 2015 to 2018[3], he worked "forty-two hours per week" and was paid a "fixed salary" of $1050 per week in 2015, $1100 per week in 2016, and $1250 per week in 2017 and 2018. *Id.* ¶¶ 28, 30. Plaintiff states that "until November 2017, [he] was always paid in cash. *Id.* ¶ 31.

---

[1]     In addition, to the extent that Plaintiff is also requesting the production of certain information regarding basically every single individual who was employed in any capacity by any Defendant within the past six years, as explained in greater detail below, his request is overly broad and must be denied in its present form.

[2]     Solely because the courts have held that a defendant cannot defeat conditional certification by submitting competing declarations or evidence that contradict the declarations or evidence submitted by the plaintiff(s), and will refrain from "resolv[ing] factual disputes, decid[ing] substantive issues going to the ultimate merits, or mak[ing] credibility determinations" when presented with such a motion, *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 446 (S.D.N.Y. 2013) (citations omitted), the "statement of facts" set forth herein will be based on the limited *factual* allegations set forth in Plaintiff's Complaint ("Compl."), as well as his declaration in support of his motion for conditional certification. However, Defendants reserve the right to dispute these factual allegations as this litigation progresses, as a number of them are simply not accurate.

[3] For this reason, we have only included the payment vouchers and time records for this period of time. Defendants have records going back farther and will to provide them to the Court on request.

4

Unfortunately for Plaintiff, his classification of his compensation as a "fixed salary" is demonstrably false and refuted by the very exhibits he relies on in support of this Motion.  *See*, *e.g.*, Ex. G- I.

Plaintiff further alleges that each time he was paid, he received — and signed — a voucher that contained the correct amount he was being paid.  *See* Declaration of Lazaro Reyes Cruz ("Pl. Decl.") ¶ 14.  These vouchers, which Plaintiff includes as Exhibits G - I, provide his standard rate, his overtime rate of 1.5 times the standard rate, the hours he was being compensated for at each rate, and the total amount he was paid.  Unlike most FLSA claims, Plaintiff claims that he was paid for ***more*** hours than he actually worked.  Specifically, according to Plaintiff, although he was paid for 60 hours each week (40 at his standard rate and 20 at his overtime rate), he admits that actually worked only 42 hours per week. *Id*. ¶ 8.  As evidence of this arrangement, he includes a time card and corresponding voucher that show that for the week of 10/31/2016, he was paid for 60 hours but worked 39.684.  *See* Ex. G.

With respect to his class allegations, Plaintiff alleges that he occasionally was sent to work at the Bayside, Astoria, and Williamsburg 263 Bakeries. *See* Pl. Decl. ¶ 2.  He does not, however, allege that he was paid by these entities.  Moreover, he does not allege that he ever worked — let alone set foot — in the Williamsburg 175 Bakery.

Likewise, Plaintiff does not allege that he ever held any position besides baker during his eleven-year tenure with the Forest Hills Bakery.  *Id*. ¶ 1.  As such, it is undisputed that Plaintiff has never held any of the other positions he now seeks to include within this collective action (*e.g*., "baristas, cake decorators, dishwashers, counter staff members, and wait staff members," Pl. MOL at 1").  Moreover, although Plaintiff vaguely proclaims in his declaration that, based on some unidentified "personal observations and conversation with employees," he believes all non-exempt employees of all franchises (including front-of-the-house employees) were "paid a fixed

weekly rate and never paid any overtime,"[4] Pl. Decl. ¶¶ 4, 10, he offers no factual information in support of that assertion, and indeed, does not even include a single front-of-the-house employee on the list of individuals he allegedly spoke with regarding these concerns, *id.* ¶ 3.

 Nevertheless, Plaintiff now requests conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) on behalf of *all* individuals employed by *all* Martha's Bakery franchises in any type of "non-exempt" capacity within the past six years, regardless of the position they held, the number of hours they worked, the manner in which they were compensated, or whether they could even assert a timely claim under the FLSA to begin with. *See* Pl. MOL Ex. A ¶ 1.[5]  Notably, Plaintiff bases this unusually broad request on nothing more than his own conclusory declaration, wherein he summarily asserts that, based upon his "personal observations," *all* employees of *all* Martha's Bakery franchises were compensated in the same fashion.  As evidence, he claims to have spoken to four "Cake Makers," two "Cupcake Makers," two "Slicers," one "Assistance to Cake Maker" and a single "Mixer" and "Pastry Chef," each of whom he can identify only on a first name basis.  Pl. Decl. ¶ 3.

 Nor does he have personal knowledge that even one of these individuals was paid a fixed weekly rate.  Rather, he merely states that, he and his co-workers "frequently discussed and complained about Defendants policies . . . during break times" and that they "all were frustrated about working long shifts and about the way Defendants were ripping them off by paying them

---

[4]    This is one of the many conclusory statements set forth in Plaintiff's declaration on which he is speculating, and ultimately 100% incorrect, as Defendants are in possession of thousands of pages of payroll records showing that all front of the house employees were and are paid on an hourly basis with the specific rate varying depending upon whether the employee in question was tipped.  However, given that (i) such evidence will not be considered by the Court in connection with this particular motion, and (ii) aside from his above-referenced wholly conclusory allegations, Plaintiff has actually not offered any support for his assertion that front-of-the-house employees were paid on a fixed weekly basis, Defendants will refrain from addressing the veracity of this particular allegation any further in connection with this motion.
[5]    As explained in greater detail below, although Plaintiff has also asserted a handful of uniform and wage-notice claims under the New York Labor Law ("NYLL"), these claims are not at-issue insofar as Plaintiff's motion for conditional certification is concerned, as the only claim for which conditional certification of a collective action may be sought is his overtime claim under the FLSA.  Accordingly, Defendants will refrain from discussing Plaintiff's allegations regarding these claims any further in this Memorandum of Law.

6

improperly" *Id*. ¶ 4, and that he saw "co-workers sign a similar piece of paper," and one said when asked that "it was the same each week." *Id*. ¶ 15. Plaintiff provides no further information regarding these individuals or the conversations he allegedly had with them. He does not have personal knowledge of the hours that the worked or the manner in which they were compensated during their employment, other than that they received papers. Not one of them has submitted an affidavit of his own on the subject.

Stated simply, when stripped of its bald conclusions and irrelevant state law allegations, Plaintiff's entire motion is premised upon a single allegation — that a handful of other individuals whose names he can only partially recall, all of whom worked as kitchen staff, complained to him at some point that they were "frustrated about working long shifts" and/or believed that their employers were "ripping [them] off by paying them improperly." *Id*. ¶¶ 3–4. Plaintiff offers no other evidence in support of his conclusory assertion that he is similarly situated to the broad range of employees he seeks to represent in a single collective action asserted under the FLSA.

## ARGUMENT

### I.   PLAINTIFF'S MOTION MUST BE DENIED BECAUSE HE IS NOT SIMILARLY SITUATED TO THE PURPORTED CLASS MEMBERS

The FLSA permits employees to proceed with a single "collective action" claim to recover unpaid wages to which they are owed under the statute only if they are "similarly situated" and consent to become a party to the action in a writing filed with the court. 29 U.S.C. § 216(b). Thus, in appropriate cases, a district court may exercise its discretion to implement § 216(b) by "facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp*., 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

In determining whether to exercise such discretion, the court must determine whether the named plaintiffs are "similarly situated" to the potential opt-in plaintiffs to whom they seek to

send notices with regard to the alleged FLSA violation at issue.[6]  *Id*. at 555.  In order to satisfy this burden, Plaintiff must demonstrate that "[he] and the potential plaintiffs were victims of a common policy or plan that violated the law."  *Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 644-645 (S.D.N.Y. 2013) (quoting *Hoffmann v. Sbarro, Inc..*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  In other words, at the conditional certification stage, the focus of the inquiry "is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated."  *Romero*, 968 F. Supp. 2d at 645 (citations omitted).

While Plaintiff's burden at this stage of the analysis may not be extraordinary, it is well-settled that a plaintiff ***cannot*** rely upon conclusory allegations or unsupported assertions in order to obtain conditional certification of a collective action under the FLSA.  *See e.g., Myers*, 624 F.3d at 555 (the plaintiffs' burden on a motion for conditional certification "cannot be satisfied simply by 'unsupported assertions'") (quoting *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991)); *see also, Romero v. H.B. Automotive Group., Inc.*, Case No. 11 CIV 386 (CM), 2012 U.S. Dist. LEXIS 61151 at *27 (S.D.N.Y. May 1, 2012) (even at the conditional certification stage of the procedure, "'certification is not automatic' and mere '[c]onclusory allegations are not enough to satisfy this burden.'") (citations omitted).  Rather, to meet their burden at the first stage of this procedure, the plaintiffs "must provide actual evidence of a factual nexus between [their] situation and those that [they] claim[] are similarly situated rather than mere conclusory allegations."  *Silva v. Calle 8, LLC*, No. 12-CV-677 (ERK)(MDG), 2013 U.S. Dist. LEXIS 171696, at *6-7 (E.D.N.Y. Dec. 5, 2013) (citations omitted).  When this standard is applied to the matter at hand, it becomes clear that Plaintiff's motion for conditional certification must be denied.

---

[6] The second stage of this procedure, which typically occurs at the close of discovery, only arises if plaintiffs satisfied their initial burden in obtaining conditional certification.  *See e.g., Romero v. H.B. Automotive Group, Inc.*, No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151 at *27 (S.D.N.Y. May 1, 2012) (discussing the timing of, and standard applicable to, the second stage of the collective action certification procedure).

Moreover, conditional certification procedure is not intended to serve as a tool for individuals who do not, themselves, possess a valid claim for relief under the FLSA to find individuals who might.   Indeed, as the court recently held in *Boutros v. JTC Painting & Decorating Corp.*, Case No. 12 Civ. 7576 (PAE), 2013 U.S. Dist. LEXIS 86878 (S.D.N.Y. June 19, 2013), conditional certification of a collective action under the FLSA should not be granted where the named plaintiffs do not, themselves, assert a plausible overtime or minimum wage claim under the statute to begin with.   *Id*. at *11–13.   In that case, the plaintiffs sought conditional certification as to their overtime claims under the FLSA, asserting that the defendant had a "policy" of paying employees "in cash" for any overtime hours worked, and would pay such wages at their regular rate of pay instead of the required overtime rate.  *Id*. at *2–4.

Although, the court in Boutros noted that existence of such a uniform policy would *conceptually* render the employees compensated in such fashion "similarly situated" for purposes of obtaining conditional certification of a collective action, it nevertheless denied the plaintiffs' motion because the named plaintiffs had not pled factual allegations showing that they, personally, had a valid overtime claim under the FLSA.  *Id*. at *11–13.   In doing so, the *Boutros* court reasoned:

> Although a district court need not evaluate the merits of a plaintiff's claim in order to determine whether similarly situated plaintiffs exist for purposes of conditional certification and court authorized notice, . . . and '[t]he court is not to resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations' at this stage, . . . plaintiffs' pleadings must be legally sufficient. . . .   The court's discretionary power to facilitate the sending of notice to potential class members is premised on its use as a tool for efficient case management . . . and it does not promote efficient case management to facilitate notice to potential class members where the representative plaintiffs have failed to state plausible FLSA violations.   Just as the court would not certify a FLSA collective action based on claims sounding solely in state law, it makes little sense to certify a collective action based on manifestly deficient pleadings.   Plaintiffs' motion for conditional certification and court-approved notice is therefore denied.

*Boutros*, 2013 U.S. Dist. LEXIS 86878 at *11-13 (internal citations omitted).

The same reasoning applies with equal force to the matter at hand.  In this case, as in *Boutros*, Plaintiff cannot represent the proposed class because, by his own evidence, he does not have a FLSA claim.  Specifically, Plaintiff alleges that he worked 60 hours per week for a number of years, Pl. Decl. ¶ 7, and that in January 2015 (prior to the statutory three-year period[7]), he reduced his workweek to 42 hours, *id.* at ¶ 8, but his pay did not decrease.  Rather, his payment vouchers continued to show that he was being paid for 60 hours (40 hours of straight time and 20 hours of overtime at 1.5 times the regular rate), regardless of the number of hours he worked.  *Id.* ¶ 14.  Indeed, the FLSA contemplates this exact situation:

> Suppose an employee was hired at an hourly rate of $5 an hour and regularly worked 50 hours, earning $275 as his total straight time and overtime compensation, and the parties now agree to reduce the workweek to 45 hours without any reduction in take-home pay. The parties in such a situation may agree to an increase in the hourly rate from $5 per hour to $6 so that for a workweek of 45 hours (the reduced schedule) the employee's straight time and overtime earnings will be $285. . . . In arrangements of this type, no additional financial pressure would fall upon the employer and no additional compensation would be due to the employee under such a plan until the workweek exceeded 50 hours.

29 C.F.R. § 778.326.  To be clear, under the parties' arrangement, had Plaintiff ever worked a single hour beyond 60, he would be entitled to additional overtime compensation at his overtime rate.  In fact, if Plaintiff were able to point to a single week in which he worked more than 60 hours, Defendants would be liable for those additional hours.  He cannot do so; thus, there is no liability.

---

[7] The statute of limitations that governs FLSA claims is two years, unless the plaintiff demonstrates that defendant "willfully" violated the statute, in which case the SOL is extended by one additional year. 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 141 (2d Cir. 1999).  In either instance, the SOL begins to run on "each payday following an allegedly unlawful pay period." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198 (S.D.N.Y. 2006) (citations omitted); *see also Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (same).  Here, as Plaintiff brought this action in August of 2018, his claims related to his pay prior to August of 2015 as such a claim would be time-barred by even the extended three-year statute of limitations applicable to such claims.  Accordingly, Defendants address only Plaintiff's allegations from 2015 to present.

Notably, "there is no requirement [under the statute] that the agreement or contract be in writing"; the employee must simply be "aware of [and] have agreed to the method of compensation in advance of performing the work." 29 C.F.R. § 778.407.   While Plaintiff attempts to preserve his individual claim by saying that it was never "explained or represented to him that the fixed weekly salary was intended to cover [his] regular and overtime hours," Pl Decl. ¶ 16, this assertion is clearly undermined by the cash payment vouchers he admits he received and signed on a regular basis, *id*. ¶¶ 13-14, which clearly reflected the parties' understanding that he was being paid for 40 hours of straight time and 20 hours of overtime, regardless of the number of hours worked, and specified the rates for each.   *See* Pl. MOL, Exs. G-I.   To the extent that Plaintiff alleges that he genuinely did not understand the meaning of the terms "straight time" and "overtime" on his hundreds of weekly vouchers, he places himself in a class of one, for which collective action is equally inappropriate.[8]

Moreover, even if Plaintiff were correct that there was no agreement, his claim would still fail because the documents show that he was paid for significantly more hours than he worked.   Specifically, his payroll records for the relevant time show that he was paid for 40 hours of straight time and 20 hours of overtime each week, yet his time records show that he never worked even close to 60 hours.   *See* Pl. Ex. G (comparing the two); Ex. 4 (same).   In fact, he only alleges that he worked 42 hours per week.   Pl. Decl. ¶ 8.   Because the payment vouchers specify his rate of pay and that he was being paid overtime at 1.5 times the regular rate, under Plaintiff's own theory, he was simply overpaid.

---

[8] While there is no evidentiary basis for presuming that any other employees — let alone all the employees at the various franchises — compensated in this unique manner, the statute's requirement that there be an agreement means that a determination of whether there was a violation of the FLSA requires an in-depth investigation into the employee's understanding of what these terms meant.   In short, collective action is inappropriate because the court would be required to investigate each individual's background, conversations with management, employment history, and understanding of the terms "regular rate" and "overtime rate" in order to determine whether that employee could had a similar claim. It is well-settled that issues that would require a series of mini-trials to flesh out the claims of each individual employee are inappropriate for collective action.

In short, Plaintiff is essentially attempting to utilize the conditional certification procedure as a means of fishing for individuals who, unlike himself, actually have standing to assert a valid claim for failure to pay minimum wage and/or overtime pay in violation of the FLSA. As the court aptly noted in Boutros, "it does not promote efficient case management to facilitate notice to potential class members where the representative plaintiffs have failed to state plausible FLSA violations." *Boutros*, 2013 U.S. Dist. LEXIS 86878 at *11. That is precisely what Plaintiff is requesting here.

Accordingly, Plaintiff's Motion must be denied.

## II. PLAINTIFF'S MOTION MUST BE DENIED BECAUSE COURTS IN THIS CIRCUIT HAVE HELD THAT THE EXACT DECLARATION HE SUBMITTED IS INSUFFICIENT TO SATISFY HIS EVIDENTIARY BURDEN

Although this Court could deny Plaintiff's motion due to his lack of standing alone, Plaintiff's failure to satisfy his evidentiary burden is equally fatal. Specifically, Plaintiff's evidence consists of a single bare-bones declaration in which he merely regurgitates the allegations set forth in his Complaint with regard to his own employment situation, proclaims that he is similarly situated to the members of the overbroad proposed collective action, and then ostensibly lists the first names of a handful of individuals to whom he claims to be similarly situated. Unfortunately for Plaintiff, this exact same declaration – complete with the same exact set of conclusory allegations regarding other employees identified on a first name basis only – has been repeatedly deemed insufficient to satisfy even the modest burden at the conditional certification stage by the courts in this Circuit. *See, e.g. Mata v. Foodbridge LLC*, Civil Action No. 14 Civ. 8754 (ER), 2015 WL 3457293 (S.D.N.Y. June 1, 2015) and *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014), which are discussed in more detail below.

As set forth above, in order for Plaintiff to satisfy his burden at the conditional certification stage, he must offer "actual evidence of a factual nexus between [his] situation and those that [he] claims are similarly situated[.]" *Silva*, 2013 U.S. Dist. LEXIS 171696 at *6-7

(citations omitted).  It is well-settled that this burden cannot be met by a single affidavit from the named plaintiff that merely regurgitates his allegations regarding his own employment situation, and summarily proclaims that, based on some unspecified "observations and conversations with other employees" (for which no further details are provided), he believes that he is similarly situated to the members of the proposed collective action.  Indeed, this particular observation has been repeatedly articulated by various judges within this Circuit when presented with the type of boilerplate declaration upon which Plaintiff here is basing his request for conditional certification.  *See Fa Ting Wang v. Empire State Auto Corp.*, No. 14 Civ. 1491 (WFK) (VMS), 2015 WL 4603117, at *9 (E.D.N.Y. July 29, 2015) (J. Scanlon) (noting that "conclusory factual allegations, such as an affidavit attesting to a personal observation[ that] other supermarket clerks were subject to the same time shaving policy, [is] not sufficient to support conditional certification where it [does] not identify the basis for the plaintiff's observations or the names of employees to whom the plaintiff spoke.") (citations omitted); *see also She Jian Guo*, 2014 WL 5314822 at *2–3 (noting that plaintiffs could not satisfy their burden at the conditional certification stage by submitting declarations summarily stating that their "co-workers were also not paid at the minimum wage rate and overtime rate[,]" which they, in turn, based on their equally conclusory allegations that they "would discuss and compare our wages to see if [they] were paid correctly" and that they were "personally . . . aware of several kitchen workers who did not receive the minimum wages and overtime compensation required by law"); *Ikikhueme*, 2013 WL 2395020 at *2–3 (denying conditional certification when plaintiff offered only a single declaration from himself and otherwise relied on "unsupported assertions"); *Levinson v. Primedia Inc.*, No. 02 Civ. 2222(CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where plaintiffs submitted only conclusory affidavits in support of their motion, which offered no details regarding the basis for their allegation that other employees were subjected to the same wage and hour violations allegedly suffered by the plaintiffs); *Zheng v. Good Fortune Supermkt. Grp. (USA), Inc.*, No. 13 Civ. 60, 2013 WL

5132023, at *5–7 (E.D.N.Y. Sept. 12, 2013) (declining to conditionally certify a collective action based solely on the "conclusory and uncorroborated" statements of a single plaintiff); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification where "plaintiffs have offered only a conclusory allegation in their complaint; they have offered nothing of evidentiary value."); *Qing Gu v. T.C. Chikurin, Inc.,* No. 13-CV-2322 (SJ)(MDG), 2014 WL 1515877, at *3–4 (E.D.N.Y. Apr. 17, 2014) (denying conditional certification where "[p]laintiffs make only general allegations that other employees of defendants were denied minimum wage and overtime compensation.").

Moreover, the specific declaration Plaintiff uses has been held to be insufficient. For example, in *Mata* — a case in which the plaintiff was represented by the same firm representing this Plaintiff and the conditional certification motion was premised on a declaration that is virtually identical to this Plaintiff's declaration — the court denied the plaintiff's motion for conditional certification on the ground that the plaintiff sought to certify an overbroad collective based on nothing more than this insufficient affidavit. In rejecting the plaintiff's affidavit, the court explained:

> Plaintiff's sole support for his conditional certification motion is a ten-paragraph declaration in which he describes the terms of his own employment and compensation by Defendants and alleges that, through observations of and conversations with other employees, he learned that they were subject to similar violations of the FLSA and NYLL. . . . [Although] Plaintiff could, theoretically, make the "modest factual showing," *Myers,* 624 F.3d at 555, required at this stage of the proceeding with only the allegations contained in his Complaint and personal affidavit[,] … the declaration actually submitted by Plaintiff in support of his motion does not suffice.

> First, although Plaintiff worked only as a pizza counterperson during his four-year employment by Defendants,. . . he endeavors to represent an "overly broad class," . . . comprised of cooks, line-cooks, food preparers, dishwashers, delivery persons, counter persons, and cashiers employed by Defendants within the last six years. . . . And while his declaration lists the names and titles of seventeen coworkers — including food preparers, pizza men, counter persons, a cook, a grill man, a juice preparer, a porter, a

14

delivery person, a dishwasher, and a panini preparer — who he ostensibly observed doing work the same or similar to his own (the "Named Coworkers"), . . . he includes no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions. . . .

Second, although Plaintiff relies exclusively on observations of and conversations with coworkers to make the factual showing required of him at this stage of the proceeding, he 'does not . . . provide *any* detail as to a *single* . . . observation or conversation' informing his decision to bring a collective action. . . . Yet, as other courts in this district have held, information regarding where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. . . . Such details are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function. . . .

Ultimately, Plaintiff's brief declaration merely summarizes the FLSA and NYLL violations that he allegedly suffered in the course of his own employment by Defendants and claims that other non-managerial employees at the Restaurants were subject to similar wage and hour practices. . . . His Complaint provides no greater detail, stating only that he and the Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules. … Accordingly, based only on the Complaint and declaration, conditional certification would be inappropriate at this juncture.

*Mata*, 2015 WL 3457293 at *3–4 (internal citations omitted) (emphasis in original).

Similarly, in *Sanchez*, another judge in this district was confronted with the same plaintiff's declaration prepared by the same plaintiff's firm, and — not surprisingly — reached the same conclusion. Like the plaintiff in *Mata* (and Plaintiff in this case), Mr. Sanchez's supported his motion with a conclusory declaration that summarized his allegations regarding his own employment situation, and then listed a number of individuals (by first name only) to whom he claimed he was similarly situated based upon his unspecified "personal observations." Ex. 2[9]

---

[9]     All references to exhibits herein are attached to the declaration of Vincent M. Avery, Esq., dated January 11, 2019.  All references to exhibits shall be as "Ex. _."

at ¶ 15.  In rejecting this evidence, the court in *Sanchez* held that a conclusory declaration by plaintiff that does not provide any detail regarding the "personal observations" and "communications" upon which he basis his assertion that he is "similarly situated" to the class of employees he seeks to represent does not satisfy plaintiff's burden, regardless of how low that burden may be.  *Id*.  The court explained:

> Though plaintiff correctly notes that the bar for conditional certification of a collective action under the FLSA is low, ***it is not this low***.  Plaintiff seeks to conditionally certify a class of 'all tipped employees, including delivery persons, bussers, runners, waiters and bartenders' employed by defendants within the last three years at any of the three 'Harry's Italian Restaurants.' . . .  The factual record supporting this motion, limited to plaintiff's affidavit, is insufficient to support even an inference that a common policy or plan that violated the law existed with respect to this variety of potential opt-in plaintiff.
>
> According to his affidavit, plaintiff worked solely as a delivery person at two of the three restaurants that are defendants in this action, for a total of approximately seven months in 2012 — four months at the 2 Gold Street location and three months at the 225 Murray Street location. . . .  Plaintiff has not worked for defendants since September 13, 2012. . . .  With respect to the third location, at 30 Rockefeller Plaza, plaintiff states that he has been sent to the restaurant to pick up supplies and inventory, has seen the manager of the 30 Rockefeller Plaza pick up supplies and inventory from the other locations, and has 'witness that the employees were interchangeable' among the three restaurants. . . .
>
> Plaintiff alleges he regularly worked 54 hours per week at the 2 Gold Street location and 42 hours per week at the 225 Murray Street location, and that he was paid neither the minimum wage nor overtime wages as required by the FLSA. … He repeatedly states, in substance, that these policies to which he was subjected in his seven months employed by defendants were the 'common practice' at all Harry's Italian Restaurants since each restaurant's inception based on "observations" and "conversations" with other employees (whose first names he lists)….
>
> Plaintiff does not, however, provide *any* detail as to a *single* such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. ⋯ Instead, the

Court is left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint. These are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b). …

The Court does not hold that no class may be properly conditionally certified in this action. Conditional certification of the class proposed by plaintiffs—a class of all tipped employees, at three restaurants, over a three-year period—is not supported by plaintiff's declaration as submitted. The notice and opt-in process outlined by the FLSA is not a discovery device to determine whether conditional certification is appropriate. More is required under the law, even at the first stage of the conditional certification process. . . .

*Sanchez*, 2014 WL 465542 at *1–2 (internal citations omitted)(emphasis added).

Without question, the same result that was reached in *Mata* and *Sanchez* is warranted in the matter at hand, as the declaration submitted by Plaintiff in support of his motion for conditional certification is substantially similar to the declarations that were deemed insufficient to justify conditional certification in both of those cases. *Compare* Pl. Decl. at ¶¶ 3–17; *with* Ex. 1 at ¶¶ 2–8 and Ex. 2 at ¶¶ 4–15. For instance, just like the plaintiffs in *Mata* and *Sanchez*, Plaintiff's declaration in support of his motion for conditional certification in this case simply (a) recites the allegations set forth in his Complaint that pertain to his own employment situation, *see generally*, Pl. Decl., (b) repeatedly states in a conclusory fashion that, based upon his "personal observations and conversations with other employees," all other employees of all Defendants were subjected to the same wage and hour policies,[10] *id.* ¶¶ 3-4, 9-10, 17-18, and (c) lists the first names of a handful of individuals whom he claims were subjected to the same employment practices and policies that he was, *id.* ¶ 3. However, just like the plaintiffs in *Mata* and *Sanchez*, Plaintiff here does not "provide any detail as to a single such observation or

---

[10]     It should also be noted that, to the extent Plaintiff is alleging that he and/or other employees of Defendants did not receive (i) spread of hours pay, (ii) proper wage notices, or (iii) the wage statements required by the New York Labor Law ("NYLL"), Pl. Decl. ¶¶ 18-21, such allegations are not relevant to Plaintiff's motion for conditional certification, as they are based exclusively on state law and not one of the federal statutes for which the opt-in procedure set forth in 29 U.S.C. §216(b) is authorized. Accordingly, Defendants will refrain from addressing these allegations any further in connection with the motion presently before this Court.

conversation" upon which he basis such conclusory statements. *Mata*, 2015 WL 3457293 at *4; *Sanchez*, 2014 WL 465542 at *2.  The closest he comes to doing so is to say that he discussed "defendants' practices" with co-workers "during break times" and "after work," without providing any information regarding these coworkers, the policies they discussed, or the specific violations these employees claimed to have suffered. Pl. Decl. ¶ 4.  Rather, he simply says he remembers that "we were all frustrated about working long shifts" and that Defendants were "ripping us off by paying us improperly." *Id*.  Conspicuously absent from his account are any details regarding how another co-worker claimed to be "ripped off," such as how many hours such co-workers worked, their schedules, their pay scheme, or any other detail that could support a claim that they were similarly situated to Plaintiff other than in their mutual frustration. Similarly, Plaintiff's account of seeing another co-worker "sign a similar piece of paper" and being told that it was "the same each week," *id*. ¶ 15, lacks the necessary detail to show that this co-worker, whoever he is, was did not receive overtime.  Outside of the fact that the co-worker's pay could have been the same for any number of legitimate reasons, such as that he worked the same number of hours each week or received payment for a certain number of hours in cash and the rest in check, Plaintiff fails to even allege that this colleague worked overtime.  Finally, Plaintiff recounts a conversation with another unidentified co-worker in which they discussed that "everyone is unhappy with the long shifts." *Id*. ¶ 18.  This conversation is equally unhelpful, and fails to identify any alleged violation of the FLSA, let alone evidence of a common policy or practice.

Thus, although there are certain circumstances in which a plaintiff may be able to obtain conditional certification based upon his own affidavit, a plaintiff cannot satisfy his burden at this stage of the proceeding by simply cutting and pasting the allegations in his Complaint into a "declaration" and then adding a paragraph or two asserting that, based upon his "personal observations" and "conversations with other employees," all individuals within the proposed

collective action were subjected to the same wage and hour policies that he was.  *Mata*, 2015 WL 3457293 at *4; *Sanchez*, 2014 WL 465542 at *2.

Seeing that Plaintiff here has offered no other evidentiary support for his conditional certification motion besides his boilerplate declaration (which has already been deemed insufficient to satisfy his burden by multiple judges), Defendants respectfully request that the Court deny Plaintiff's motion for conditional certification.

## III.   IN THE ALTERNATIVE, THE PROPOSED CLASS OF INDIVIDUALS INCLUDED IN COLLECTIVE ACTION MUST BE NARROWED

While this Court need not reach the issue of whether Plaintiff's proposed class of individuals is overbroad in light of the fact that the declaration upon which his entire motion is premised has already been deemed legally insufficient by the courts of this Circuit to justify granting conditional certification in similar cases, if this Court were to somehow find that Plaintiff has met his burden at the conditional certification stage, his proposed class of individuals must be narrowed.  Specifically, the proposed class of individuals he is seeking to include within the collective action is overbroad in two important respects: 1) it is not limited to individuals who worked in the same job at the same location; 2) it is not limited to similarly situated individuals, and 3) it is not limited to the three-year statutory period.

### A.  The Class Must Be Limited to Employees of the Forest Hills Bakery

Plaintiff has not offered any evidentiary basis for including employees of Defendants other than the Forest Hills Bakery within the collective action.  Plaintiff was not employed by Forest Hills Bakery, and the fact that these franchises share a website, as Plaintiff notes in his Exhibits, does not make the other franchises his employer.  Moreover, he has not offered any type of third-party affidavit from an employee of any of the other Defendants claiming to have been paid in the same manner as Plaintiff.  In fact, Plaintiff has not even identified a single conversation he had with an employee of any Defendant, let alone one other than Forest Hills Bakery, wherein said employee told Plaintiff that he too was paid a fixed weekly rate entirely in cash, as Plaintiff claims to have been paid in his Complaint.  Consequently, there is simply no

factual or legal basis for including the employees of any Defendant other than Forest Hills Bakery within the collective action class for which conditional certification is being sought. *See, e.g., Fa Ting Wang*, 2015 WL 4603117 at \*1-2.

### B.  The Class Must be Limited to Similarly Situated Individuals

The inclusion of every single individual employed by every Martha's Bakery franchise in any type of "non-exempt" position would be entirely inappropriate, absent even the most modest showing that the particular pay practice Plaintiff is challenging as violative of the FLSA in this case — *i.e.,* being paid a fixed weekly rate — was applied to anyone besides Plaintiff.  Indeed, even if this Court were find that Plaintiff's allegation that the employees on his list complained about not receiving overtime compensation at some point prior hereto were sufficient to establish that Plaintiff was similarly situated to such individuals for purposes of conditional certification of a collective action under the FLSA, Pl. Decl. ¶ 17, it must be noted that all of these employees were kitchen staff, like Plaintiff.  *Id.* ¶ 3.

In other words, even if Plaintiff's conclusory allegations are accepted as fact for purposes of this motion (which would be inconsistent with the above-referenced settled case law), he still has not articulated any basis upon which this Court could infer that anyone besides those individuals employed by the Forest Hills Bakery as bakers or related kitchen staff were subject to the same pay practice that forms the basis of Plaintiff's FLSA claim in this case (e.*g.*, there is no basis to assume that the Bakery's baristas, counter staff, or wait staff, for example, were subjected to the same pay practices as Plaintiff, a baker).  Accordingly, such individuals could not be deemed "similarly situated" to Plaintiff as a matter of law.  *See e.g., Fa Ting Wang*, 2015 WL 4603117 at \*1–2 (declining to grant conditional certification of a collective action consisting of "[a]ll those hourly paid, non-managerial employees of the Defendants"  and limiting the collective action to only the individuals who were employed in the same position as plaintiff, because "[p]laintiff's Complaint and affidavits are devoid of information from which the Court might conclude that the [other] employees were, in fact, similarly situated."); *Garcia v. Spectrum*

*of Creations Inc.,* No. 14 Civ. 5298 (AJN)(GWG), 2015 WL 2078222, at *7 (S.D.N.Y. May 4, 2015) (limiting a collective action to individuals who, like plaintiffs, performed food preparation or delivery functions); *Mata,* 2015 WL 3457293 at *4 (declining to grant conditional certification of an "overly broad class comprised of cooks, line-cooks, food preparers, dishwashers, delivery persons, counter persons, and cashiers employed by Defendants within the last six years" where the plaintiff "worked only as a pizza counterperson during his four-year employment by Defendants"); *Colon v. Major Perry St. Corp.*, No. 12 Civ. 3788 (JPO), 2013 WL 3328223, at *7 (S.D.N.Y. July 2, 2013) (declining to including handymen within class of superintendents for purposes of conditional certification because the "jobs appear to involve markedly different pay scales, different hours and tasks, different overtime policies, and different compensation schemes.")

### C.  **Plaintiff's Proposed Class Period Must Be Shortened**

Plaintiff's proposed class includes employee of any Corporate Defendant who was employed within the past six years.  As set forth above, the statute of limitations applicable to FLSA claims is generally two years, unless Plaintiffs could establish "willfulness," in which case it would be extended one additional year.  *See e.g.*, 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 141 (2d Cir. 1999).  Moreover, it is well-settled that the statute of limitations applicable to the claims asserted by each potential opt-in plaintiff does not stop running when the named plaintiffs file the underlying lawsuit.  Rather, "the statute of limitations runs on each employee's claim until his individual Consent Form is filed with the court." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 660 (S.D.N.Y. 2013) (citations omitted).

Accordingly, to the extent that this Court finds Plaintiff has somehow met his burden at the conditional certification stage of this litigation, the class of individuals must be limited to other bakers employed by the Forest Hills Bakery from three years from the date of the Order on this Motion to the present.

## IV.    IN THE ALTERNATIVE, DEFENDANTS OBJECT TO THE FORM AND CONTENT OF THE PROPOSED NOTICE

It is well-settled that, even where a district court finds that a plaintiff has met his burden of showing that conditional certification is appropriate in any given matter, the defendant should generally be afforded an opportunity to raise any objections to the form or content of the plaintiff's proposed notice, as well as submit an alternative proposed notice for consideration by the court.  *See e.g., Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 392 (E.D.N.Y. 2010).  Upon receipt of such an objection, the court has "broad discretion to determine the form of the notice and its specific provisions[,]" which should be exercised so as to ensure that it does not overreach in terms of the individuals to whom it is directed or the content set forth therein.  *Id.*; *see also Morris v. Lettire Const. Corp.,* 896 F. Supp. 2d 265, 2735 (S.D.N.Y. 2012).

In this case, although Defendants maintain that conditional certification is inappropriate for the reasons set forth above, in the event that the Court grants such certification, Defendants object to the form and content of the proposed notice Plaintiffs have requested be sent to the members of the purported collective action for the reasons largely outlined above: namely, it is currently addressed to any individual employed by any Defendant in any "non-exempt" position within the six years prior the date the Complaint was filed.  *See* Pl. Ex. A.

First and foremost, Defendants object to Plaintiff's selection of six years as the applicable time period within which an individual must have been employed by Defendants in their proposed notice in order to participate in the lawsuit.  In so doing, he is requesting that this court issue such notices to employees who could not ever opt-in to a collective action under the FLSA, as any claims they would have possessed would be time-barred by the applicable statute of limitations.  *See e.g.*, *Alvarez v. IBM Restaurants Inc.*, 839 F. Supp. 2d 580, 587-88 (E.D.N.Y. 2012) (declining to send opt-in notices to anyone employed outside of the three year statute of limitations period for FLSA claims, and noting that "[a]lthough some courts in the Eastern District of New York authorize a six-year notice period in cases where the plaintiffs are seeking relief under both the FLSA and the N.Y. Labor Law, 'the growing trend in this district appears to

be limiting the notice period to three years.'") (citing *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F.Supp.2d 396, 400 (E.D.N.Y. 2011)); *Lujan v. Cabana Management, Inc.*, No. 10–CV–755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) (declining to send opt-in notices to individuals employed beyond the three-year statute of limitations for FLSA claims, and noting that there is "no purpose" in sending an FLSA collective action notice to time-barred employees). Accordingly, Defendants respectfully request that, in the event this Court grants Plaintiff's Motion for Conditional Certification, it do so upon the condition that the proposed Notice of Consent provided by Plaintiffs be revised to reflect the appropriate time period, and only be issued to those individuals employed as bakers within three years from the date on which the Court renders its decision.

 Second, Defendants request that their counsel's names and contact information be added to the notice alongside the contact information for Plaintiffs' counsel.  *See e.g., Ritz v. Mike Rory Corp.*, No. 12 Civ. 367 (JBL)(RML), 2013 U.S. Dist. LEXIS 61634, *7-8 (E.D.N.Y. Apr. 29, 2013) (holding that this request was reasonable, as "such information is routinely included in notices of pendency").

 Third, Defendants object to the notice on the ground that it is misleads potential collective members by listing the Plaintiff's NYLL claims alongside the FLSA claim in the first paragraph, with the only explanation that such claims are not part of the collective action appearing in a footnote, and then stating that "[i]f you believe you may be able to assert *any* of the claims described above, you have the right to participate in this lawsuit."  Pl. Ex. A.  In so doing, Plaintiff circumvents the class certification process by encouraging Plaintiffs who may only have NYLL claims to contact Plaintiff's counsel in response to this notice.

 Accordingly, in the event the Court grants conditional certification, Defendants request that the notice be revised as follows: 1) to render its content consistent with the scope of the class of employees within the collective action that is conditionally certified under 29 U.S.C. § 216(b), *i.e.,* those individuals employed by the Forest Hills Bakery as a "baker" within *three* years prior

to the date on which this Court issues its decision on Plaintiff's motion for conditional certification; 2) to add Defendant's counsel's contact information to the notice; and 3) to remove the description of the New York Labor Law claims from the notice.

## V.   PLAINTIFF'S REQUEST FOR THE PRODUCTION OF INFORMATION REGARDING VARIOUS FORMER AND CURRENT EMPLOYEES OF BOTH CORPORATE DEFENDANTS IS OVERLY BROAD

In his motion for conditional certification, Plaintiff also requests that the Court direct Defendants to produce "within ten days of its Order a list of all Covered Employees in Excel format who were employed by Defendants at any point in the six-year period prior to the entry of the Order with the following information: names, titles, compensation rate, last known mailing address, email addresses, all known telephone numbers and dates of employment." Pl. MOL at 14. Plaintiff further requests that "in the event that mailings to the covered employees are returned as undeliverable and the contact information is insufficient to effectuate notice, Plaintiff seeks the social security numbers of such Covered Employees so that Plaintiff's counsel can perform a skip trace to obtain a valid address for notice." *Id*. at 14–15.

Except for the social security numbers, Defendants do not object to producing such information as to the individuals specifically identified in Plaintiff's declaration, as such information would be discoverable regardless of whether the Court finds that Plaintiff has failed to satisfy his burden to obtain conditional certification of a collective action at this particular moment in time. However, Defendants do object to the production of such information regarding every single employee of every Defendant within the past six years, as such requests have been deemed overly broad in analogous cases. *See e.g., Mata,* 2015 WL 3457293 at *3–4 (directing disclosure "only for the Named Coworkers [listed in Plaintiff's declaration] rather than the entire putative class of Covered Employees as a result of the potential scope of the latter, and ordering that Defendant only disclose "the full names, job titles, last known mailing addresses, email addresses, telephone numbers, and dates of employment" of those individuals because "social security numbers should not be produced out of concern for the privacy of those

24

individuals.") (emphasis added); *Mata-Primitivo v. May Tong Trading Inc.,* No. 13 Civ. 2839 (CBA) (MDG), 2014 WL 2002884, at *6 (E.D.N.Y. May 15, 2014)(directing defendants to produce the names and contact information of only the "potential opt-in plaintiffs who worked in . . . [one of the positions deemed similarly situated to plaintiff]" within the three year SOL period applicable to FLSA claims); *Chen-Oster v. Goldman, Sachs & Co.,* 293 F.R.D. 557 (S.D.N.Y. 2013) (limiting discovery regarding other employees' personnel-related information to only those employees within the proposed class); *Gavenda v. Orleans County*, 182 F.R.D. 17, 25 (W.D.N.Y. 1997) ("Production of . . . documents containing intimately personal information about individuals, most of whom are not parties to [a] lawsuit, is warranted only when the party seeking the information articulates a specific need for the information.").

Accordingly, Plaintiff's request for information regarding employees other than those identified in his declaration should be denied, as should his request for the social security numbers of any employees.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for conditional certification of a collective action under the FLSA.

Dated:  New York, New York
      January 11, 2019

Respectfully Submitted,

AKERMAN, LLP

By:    */s/ Vincent Avery*
      Vincent M. Avery, Esq.
      Melissa A. Overbeck, Esq.
666 Fifth Avenue, 20th Fl.
New York, New York 10103
Phone: (212) 880-3800

*Attorneys for Defendants*

25