USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/1/19

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
LAZARO REYES CRUZ, on behalf of      :
himself and those similarly
situated,                            :

                    Plaintiff,       :   18 Civ. 7408 (PAE)(HBP)

    -against-                        :   OPINION
                                         AND ORDER
70-30 AUSTIN STREET BAKERY INC.,     :
d/b/a "Martha's Country
Bakery," et al.,                     :

                    Defendants.      :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

Lazardo Reyes Cruz, on behalf of himself and others similarly situated,[1] brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL") alleging that defendants failed to pay him overtime premium pay and spread-of-hours pay and failed to comply with the statutory wage notice and statement requirements of the NYLL. By notice of motion, dated November 30, 2018, plaintiff seeks an Order (1) authorizing his FLSA claims to proceed as a collective action pursuant to 29 U.S.C. § 216(b), (2) approving his proposed notice of the collective action and

---

[1]As of the date of this Order, no other plaintiffs have joined plaintiff's lawsuit.

authorizing him to mail the notice to all potential plaintiffs, (3) compelling defendants to post the proposed notice in all of its Martha's Country Bakery locations, (4) compelling defendants to produce the names, social security numbers, titles, compensation rates, dates of employment, last known mailing addresses, email addresses and all known telephone numbers of all potential opt-in plaintiffs and (5) equitably tolling the FLSA statute of limitations until plaintiff is able to send notice to potential opt-in plaintiffs (Notice of Motion, dated Nov. 30, 2018 (Docket Item ("D.I.") 26)). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.[2]

II. Facts

Individual defendants George Stertsios and Antonio Zannikos are the owners and senior executive officers of corporate defendants 41-06 Bell Blvd. Bakery LLC, 70-30 Austin Street Bakery Inc., G.V.S. Bakery Inc., Martha's Bakery 2 LLC and

---

[2]This motion was referred to me to issue a Report and Recommendation (Order, dated Jan. 15, 2019 (D.I. 38)) with respect to this motion. Although a Magistrate Judge cannot certify a Rule 23 class in a non-consent case, 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge can rule on a motion for conditional certification pursuant to 29 U.S.C. § 216(b) whether or not the parties consent. Poreda v. Boise Cascade, L.L.C., 532 F. Supp. 2d 234, 238 (D. Mass. 2008), citing Barus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224, 229 n.1 (W.D.N.Y. 2006) and Patton v. Thomson Corp., 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005). Accordingly, I conclude that I have the jurisdiction to issue a decision on the present motion.

Martha's Bakery 3 LLC (collectively, "Corporate Defendants") (Complaint, dated Aug. 15, 2018 (D.I. 1) ("Compl.") ¶¶ 7-13). Corporate Defendants own and operate five bakeries in various locations throughout Queens and Brooklyn under the common trade name "Martha's Country Bakery" (Compl. ¶ 6). Plaintiff alleges that defendants operate all Martha's Country Bakeries as a single integrated enterprise (Compl. ¶ 6; Memorandum of Law in Support of Plaintiff's Motion for Conditional Collective Certification, dated Nov. 30, 2018 (D.I. 27) ("Pl. Memo.") at 2-4).

Plaintiff alleges that he worked as a baker at Martha's Country Bakery located at 70-28 Austin Street, Forrest Hills, New York 11375 ("Forrest Hills location") from approximately January 2007 through approximately February 2018 (Compl. ¶ 27; Declaration of Lazaro Reyes Cruz, dated Nov. 21, 2018 (D.I. 28) ("Cruz Decl.") ¶¶ 1-2). Plaintiff also alleges that during his employment, he worked on an "as needed basis" at three other Martha's Country Bakeries located in Bayside, Astoria and Brooklyn, but does not specify the dates of his employment or the hours he worked at those locations (Compl. ¶ 27; Cruz Decl. ¶ 2).

Plaintiff alleges that he worked the hours and received the salaries set forth below:

| Time Period | Number of Hours Worked per Week | Salary |
| --- | --- | --- |
| August, 2012 - December, 2012 | 64-66 | $ 950 |
| January, 2013 - October, 2013 | 60 | $ 950 |
| November, 2013 - December, 2014 | 60 | $1,050 |
| January, 2015 - September, 2015 | 42 | $1,050 |
| October, 2015 - October 2016 | 42 | $1,100 |
| November, 2016 - December, 2016 | 42 | $1,150 |
| January, 2017 - February, 2018 | 42 | $1,250 |

(Cruz Decl. ¶¶ 5, 7-8, 10). Plaintiff also alleges that he worked extra hours on an "as needed" basis between January 2015 and February 2018 but does not specify how many additional hours he worked during this period (Cruz. Decl. ¶ 8).

Plaintiff further alleges that defendants never paid him overtime premium pay for any hours worked in excess of 40 hours per week and based on his "personal observations and conversations with co-workers, other non-managerial employees at [Martha's Country Bakeries] were also paid a fixed weekly rate and never paid any overtime" (Cruz Decl. ¶ 10). Plaintiff

4

contends that defendants required him to sign employee time cards and cash payment vouchers that purported to show the number of hours he worked and the amount he was paid each week, but alleges that these records are inaccurate (Cruz Decl. ¶¶ 13-14; Employee Time Cards and Cash Payment Vouchers, annexed to Pl. Memo. as Ex G (D.I. 27-7) ("Time Records")). Defendants maintain that these Time Records are accurate and prove that plaintiff was consistently properly paid an hourly standard rate and an overtime premium hourly rate at 1.5 times his standard rate (Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification of a Collective Action Under the FLSA, dated Jan. 11, 2019 (D.I. 35) ("Def. Memo.") at 5).

III. Analysis[3]

    A. Applicable Legal Principles

        1. Conditional Certification
           Under FLSA Section 216(b)

Section 216(b) of the FLSA provides, in pertinent part:

> An action to recover . . . liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"Under the FLSA, potential class members in a collective action must affirmatively opt-in to be covered by the suit." Malena v. Victoria's Secret Direct, LLC, 09 Civ. 5849 (WHP), 2010 WL 4642443 at *3 (S.D.N.Y. Nov. 16, 2010) (Pauley, D.J.), citing 29 U.S.C. §§ 216(b), 256(b). Although the FLSA does not contain a certification requirement similar to Fed.R.Civ.P. 23, a district court has the discretionary power to certify a collective

---

[3]Plaintiff makes several factual assertions and legal arguments with respect to his "spread-of-hours" and NYLL wage statement and wage notice claims. However, because these claims exclusively relate to the NYLL and plaintiff explicitly states that he is not moving for Rule 23 class certification with respect to his state law claims, I need not consider these assertions or arguments at this stage (Pl. Memo. at 1 n.1). See Fermin v. Las Delicias Peruanas Restaurant, Inc., 93 F. Supp. 3d 19, 45 (E.D.N.Y. 2015) (spread-of-hours damages are only available under the NYLL because "there is no [spread-of-hours] counterpart under the FLSA").

6

action to facilitate notice to potential opt-in plaintiffs. Myers v. Hertz Corp., 624 F.3d 537, 555 n.10 (2d Cir. 2010); Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 335-36 (2d Cir. 1978) (per curiam); see also Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989); Zhenkai Sun v. Sushi Fussion Express, Inc., 16 CV 4840 (WFK)(LB), 2018 WL 2078477 at *3 (E.D.N.Y. Jan. 2, 2018) (Report & Recommendation), adopted at, 2018 WL 1168578 (E.D.N.Y. Mar. 6, 2018); Brown v. Barnes & Noble, Inc., 252 F. Supp. 3d 255, 261 (S.D.N.Y. 2017) (Parker, M.J.).

The Second Circuit has endorsed a two-step process to assess whether it is appropriate to certify a collective action:

> The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred. See, e.g., Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258-62 (11th Cir. 2008); Damassia v. Duane Reade, Inc., No. 04 Civ. 8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (Lynch, J.); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.). The court may send this notice after plaintiffs make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." [Hoffman v.] Sbarro, [supra,] 982 F. Supp. at 261. . . . The "modest factual showing" cannot be satisfied simply by "unsupported assertions," Dybach v. State of Fla. Dep't of Corrections, 92 F.2d 1562, 1567 (11th Cir. 1991), but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether "similarly situated" plaintiffs do in fact exist, see [Hoffman v.] Sbarro, [supra,] 982 F. Supp. at 261. At the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the

7

> named plaintiffs. The action may be "de-certified" if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice. See, e.g., [Morgan v.] Family Dollar [Stores, Inc.], [supra,] 551 F.3d at 1261; Hipp [v. Liberty Nat'l Life Ins. Co.,] 252 F.3d [1208, 1218 (11th Cir. 2001) (per curiam)].

Myers v. Hertz Corp., supra, 624 F.3d at 555.

"The statute does not define 'similarly situated,' but Courts have found the operative test to be 'whether there is a factual nexus between the claims of the named plaintiff[s] and those who have chosen to opt-in to the action.'" Zhenkai Sun v. Sushi Fussion Express, Inc., supra, 2018 WL 2078477 at *3, quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (Batts, D.J.).

Typically a court looks to the pleadings and any supporting affidavits at the first stage of certification to determine whether the named plaintiff has made the modest factual showing that he is similarly situated to any potential opt-in plaintiffs with respect to the unlawful practice. See Cheng Xia Wang v. Shun Lee Palace Restaurant, Inc., 17 Civ. 0840 (VSB), 2018 WL 3155835 at *3 (S.D.N.Y. June 28, 2018) (Broderick, D.J.); Fernandez v. Sharp Mgmt. Corp., 16 Civ. 0551 (JGK)(SN), 2016 WL 5940918 at *2 (S.D.N.Y. Oct. 13, 2016) (Netburn, M.J.). "Plaintiffs may satisfy their 'minimal' burden by relying on their own pleadings and affidavits, or the affidavits of other potential class members." Diaz v. S & H Bondi's Dep't Store,

8

Inc., 10 Civ. 7676 (PGG), 2012 WL 137460 at *3 (S.D.N.Y. Jan. 18, 2012) (Gardephe, D.J.) (citation omitted). However, although the standard of proof at the first step is low, it "cannot be satisfied simply by unsupported assertions." Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (Holwell, D.J.), citing Myers v. Hertz Corp., supra, 624 F.3d at 555; see also Brown v. Barnes & Noble, Inc., supra, 252 F. Supp. 3d at 261.

### B. Application of the Foregoing Principles

#### 1. Conditional Certification

Plaintiff seeks to certify a collective consisting of all "non-exempt employees . . . including but not limited to bakers, baristas, cake decorators, dishwashers, counter staff members and wait staff members" at all five Martha's Country Bakery locations (Plaintiff's Proposed Order, annexed to Notice of Motion as Ex. 1 (D.I. 26-1)). Defendants oppose conditional certification because the only affidavit offered in support of the motion contains only vague and conclusory allegations concerning plaintiff's conversations with other employees and is, therefore, insufficient to establish that plaintiff was similarly situated to the members of the proposed collective (Def. Memo. at 8, 12-19).

9

"'[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit.'" Mata v. Foodbridge LLC, 14 Civ. 8754 (ER), 2015 WL 3457293 at *5 (E.D.N.Y. June 1, 2015), quoting Hernandez v. Bare Burger Dio Inc., 12 Civ. 7794 (RWS), 2013 WL 3199292 at *3 (S.D.N.Y. June 25, 2013) (Sweet, D.J.) (collecting cases). However, where plaintiff's sole affidavit does not provide "any detail as to a single such observation or conversation", such as when or where the observations or conversations took place, that affidavit is insufficient to meet even the low evidentiary threshold required for conditional certification. Sanchez v. JMP Ventures, L.L.C., 13 Civ. 7264 (KBF), 2014 WL 465542 at *2 (S.D.N.Y. Jan. 27, 2014) (Forrest, D.J.); accord Shanfa Li v. Chinatown Take-Out Inc., 16 Civ. 7787 (JCM), 2018 WL 1027161 at *4-*5 (S.D.N.Y. Feb. 21, 2018) (McCarthy, M.J.) (denying motion for conditional certification based on plaintiff's claim that other employees were "underpaid" without describing who these other employees were, what their base salary was or whether they worked enough to qualify for overtime compensation); Fu v. Mee May Corp., 15 Civ. 4549 (KPF), 2016 WL 1588132 at *3 (S.D.N.Y. Apr. 20, 2016) (Failla, D.J.) (denying motion for conditional certification based solely on plaintiffs' "conversations with . . . coworkers and knowledge of their working hours and what they were paid" (internal quotation

10

marks omitted)); Mata v. Foodbridge LLC, supra, 2015 WL 3457293 at *3-*4 (denying motion for conditional certification where plaintiff's only support for his claim that other employees were not paid overtime was his "observations and conversations with other employees" without any underlying details of those conversations); Guo v. Tommy's Sushi Inc., 14 Civ. 3964 (PAE), 2014 WL 5314822 at *3 (S.D.N.Y. Oct. 16, 2015) (Engelmayer, D.J.) (denying motion for conditional certification of a collective of all non-managerial employees based on "unsupported assertions" regarding discussions and comparisons among coworkers). "Such details are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function." Mata v. Foodbridge LLC, supra, 2015 WL 3457293 at *5; accord Gomez v. Kitchenette 123 Inc., 16 Civ. 3302 (AJN), 2017 WL 4326071 at *4 (S.D.N.Y. Sept. 5, 2017) (Nathan, D.J.) ("[W]hen a plaintiff submits only one affidavit, without corroboration, the level of detail in that affidavit becomes particularly important in evaluating the sufficiency of the plaintiff's showing.").

The only evidence presented by plaintiff in support of his motion for conditional certification is his own five-page affidavit.[4] With respect to whether plaintiff is similarly

---

[4]Plaintiff submitted multiple exhibits purporting to show that all five of Martha's Country Bakeries operate as a single
(continued...)

11

situated to all other non-exempt employees at Martha's Country Bakeries, plaintiff states the following:

> During my employment by Defendants, my co-workers . . . and I would frequently discuss Defendants' pay practices. I frequently discussed and complained about Defendants' policies with them during break times and also after work. I recall that we were all frustrated about working long shifts and about the way Defendants were ripping us off by paying us improperly. Based on my personal observations and conversations with my co-workers, all non-exempt employees employed by Defendants were subject to the same wage and hour policies.
>
> Based on my observations and conversations with my co-workers . . . other employees also regularly worked in excess of forty (40) hours per workweek and their schedules regularly exceeded ten (10) hours in duration.
>
> My co-workers . . . and I frequently complained about Defendants' unfair pay policies on our way home after work, and everyone I have spoken to felt that Defendants were not paying us enough for all the work that I was required to perform.
>
> Based on my observations and conversations during my employment by Defendants, other non-managerial employees of Martha's Country Bakery . . . and I were not compensated for our overtime hours worked because of Defendants' policy of paying fixed weekly rates to all non-exempt employees.
>
> Shortly after I started working for Martha's Bakery, I asked a co-worker why we are required to work

---

⁴(...continued)
integrated enterprise. Defendants do not appear to dispute this assertion. However, "the fact that the restaurants have the same name and are commonly owned is insufficient to show that they applied the same pay policies as the restaurants at which plaintiff[] . . . worked." Perez v. La Abundancia Bakery & Restaurant Inc., 17-CV-0656 (RLM), 2017 WL 3382068 at *7 (E.D.N.Y. Aug. 4, 2017). Thus, even taking plaintiff's assertion that defendants operated as one enterprise as true, it is insufficient, without more, to warrant conditional certification.

12

> so many hours without any extra pay. He responded that
> it was just how things worked around here, and told me
> that everyone is unhappy about the long shifts.

(Cruz Decl. ¶¶ 4, 9, 11, 17). Plaintiff also lists the first names of ten co-workers he claims to have spoken to during his employment and alleges that he observed some co-workers sign pieces of paper that were "similar" to the Time Records that defendants required him to sign (Cruz Decl. ¶¶ 3, 15).

Nothing in plaintiff's "affidavit pertains to the hours or wages of the other individuals employed by [d]efendants" other than the vague assertion that other employees regularly worked in excess of 40 hours without overtime premium pay, which is insufficient to "demonstrat[e] a 'factual nexus' between named [p]laintiff[] and the potential opt-in plaintiffs." Shanfa Li v. Chinatown Take-Out Inc., supra, 2018 WL 1027161 at *4. Although plaintiff states that he frequently discussed defendants' pay practices with his co-workers, "a plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating that belief." Fu v. Mee May Corp., supra, 2016 WL 1588132 at *3; Sanchez v. JMP Ventures, L.L.C., supra, 2014 WL 465542 at *2. The only conversation plaintiff identifies to with any specificity is one in which he and a co-worker discussed how "everyone

13

[was] unhappy about the long shifts" (Cruz Decl. ¶ 19). However, this conversation does not provide any insight into whether that particular co-worker was receiving, or was even entitled to receive, overtime premium pay. Plaintiff's broad assertions "are precisely the vague, conclusory, and unsupported assertions that are an insufficient basis for conditional certification." Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc., 17 Civ. 273 (LAP), 2018 WL 1737726 at *4 (S.D.N.Y. Mar. 26, 2018) (Preska, D.J.) (internal quotation marks and citations omitted)).

In his reply brief, plaintiff argues that Mata v. Foodbridge LLC, supra, 2015 WL 3457293 and Sanchez v. JMP Ventures, L.L.C., supra, 2014 WL 465542 are distinguishable from the facts here and that defendants' reliance on them is misplaced (Reply Memorandum of Law in Further Support of Plaintiff's Motion for Conditional Collective Certification, dated Jan. 25, 2019 (D.I. 45) ("Pl. Reply") at 9). Specifically, plaintiff argues that the affidavit in Sanchez v. JMP Ventures, L.L.C., supra, 2014 WL 465542 did not describe plaintiff's observations and conversations with other employees in detail, and the affidavit in Mata v. Foodbridge LLC, supra, 2015 WL 3457293 was "only ten paragraphs long, and did not include specific details about other employees" (Pl. Reply at 9). Plaintiff further argues that because plaintiff attested to multiple conversations with named

14

employees about defendants' pay practices, his affidavit is sufficient (Pl. Reply at 9).

Plaintiff's arguments are unpersuasive. Plaintiff's affidavit suffers from the same fatal flaw that existed in Sanchez v. JMP Ventures, L.L.C., supra, 2014 WL 465542, namely, its lack of detail regarding the conversations with other employees. As discussed above, plaintiff does not describe where or when these discussions took place, what the other employees were paid, what specific hours they worked or any other underlying details and offers only the conclusory assertion that the other employees were not paid overtime.

Based on the foregoing legal principles, plaintiff has not provided sufficient detail to meet even the low evidentiary standard required for conditional certification. See Ji v. Jling Inc., 15-CV-4194 (JMA)(SIL), 2016 WL 2939154 at *4-*5 (E.D.N.Y. May 19, 2016) (denying conditional certification based on plaintiff's sole affidavit where plaintiff did not offer any specific evidence that other employees of defendant actually worked more than 40 hours per week and were, therefore, entitled to overtime premium pay); Mata v. Foodbridge LLC, supra, 2015 WL 3457293 at *3-*4 (denying conditional certification where plaintiff offered only his own affidavit in which he claimed, based on unspecified "observations and conversations", that other employees of defendant "were not paid their overtime wages . . . and were forced to

15

sign fraudulent documents"); Sanchez v. JMP Ventures, L.L.C., supra, 2014 WL 465542 at *2 (denying conditional certification based on plaintiff's sole affidavit in which he alleged a "common practice" at all of defendant's restaurants based on his "observations and conversations with other employees" who plaintiff identified only by their first names because such an affidavit merely amounted to "a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint").

Thus, plaintiff's motion for conditional certification is denied without prejudice.

### 2. Disclosure

Plaintiff next requests that the court compel defendants to produce the names, social security numbers, titles, compensation rates, dates of employment, last known mailing addresses, email addresses and all known telephone numbers of all potential opt-in plaintiffs (Pl. Memo. at 14-15).

"Even where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at

16

a later date." Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 513 (S.D.N.Y 2010) (Marrero, D.J.) (collecting cases); accord Fei v. WestLB AG, 07 Civ. 8785 (HB)(FM), 2008 WL 7863592 at *2 (S.D.N.Y. Apr. 23, 2008) (Maas, M.J.) ("[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members.").

Therefore, "[i]n light of the remedial purpose of the FLSA and the Court's broad discretionary power . . . [p]laintiff[']s request for an order of discovery is granted in part." Shanfa Li v. Chinatown Take-Out Inc., supra, 2018 WL 1027161 at *6. Defendants are directed to provide plaintiff with the full names, job titles, last known mailing addresses, email addresses, telephone numbers and dates of employment of the ten co-workers referenced in plaintiff's declaration (Cruz Decl. ¶ 3). See Mata v. Foodbridge LLC, supra, 2015 WL 3457293 at *4 (granting plaintiff's discovery request for contact information for 17 co-workers that plaintiff identified by first name in his affidavit, but denying conditional certification, denying plaintiff's request for contact information as to the entire potential collective and denying plaintiff's request for social security numbers); see also Shanfa Li v. Chinatown Take-Out Inc., supra, 2018 WL 1027161 at *6.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion for conditional certification is denied without prejudice and plaintiff's motion for an order of discovery is granted in part and denied in part. The Clerk of the Court is respectfully requested to mark Docket Item 26 closed.

Dated: New York, New York
       May 1, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel