## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between LAZARO REYES CRUZ ("Claimant" or "Plaintiff") and 70-30 AUSTIN STREET BAKERY INC. d/b/a MARTHA'S COUNTRY BAKERY, 41-06 BELL BLVD. BAKERY LLC d/b/a MARTHA'S COUNTRY BAKERY, G.V.S BAKERY, INC. d/b/a MARTHA'S COUNTRY BAKERY, MARTHA'S COUNTRY BAKERY 2 LLC d/b/a MARTHA'S COUNTRY BAKERY, MARTHA'S COUNTRY BAKERY 3 LLC d/b/a MARTHA'S COUNTRY BAKERY, GEORGE STERTSIOS, and ANTONIO ZANNIKOS (collectively, the "Company" or "Defendants") as of _____, 2020.

### RECITALS

A.  WHEREAS, on or about August 15, 2018, Claimant filed an action (the "Action") against the Company, alleging, *inter alia*, that the Company failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 1:18-cv-7408-PAE-SLC;

B.  WHEREAS, the Company denies such allegations and contends that Claimant was paid all wages due and owing;

C.  WHEREAS, no Government Agency or Court has either considered or determined the parties' respective claims;

D.  WHEREAS, the Company admits no wrongdoing nor any liability with respect to Claimant's allegations; and

E.  NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1.  Consideration. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Claimant agrees that he will not seek any further consideration from the Company, including any monetary payments, beyond that set forth in Paragraph 2 of this Settlement Agreement.

2.  Settlement Compensation and Release.

The Company agrees to pay Claimant the settlement amount of $29,000 (the "Settlement Amount"), as follows:

1

Within ten (10) days of Defendants' receipt of this Settlement Agreement executed by Plaintiff, the Company shall deliver to Lee Litigation Group, PLLC, 148 W. 24th Street, Eighth Floor, New York, NY 10011, a check in the amount of $29,000, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

$18,018.31 will be allocated to Plaintiff Lazaro Reyes Cruz and $10,981.69 will be allocated to Lee Litigation Group, PLLC.

In the event of any late payment, the Company shall be subject to a penalty of ten percent (10%) interest on the outstanding balance of the Settlement Amount, compounded monthly. No notice by Plaintiff's counsel shall be required for interest to be assessed. In addition, for any checks returned for insufficient funds, there shall be a $100 fee for each returned check.

The parties agree that Defendants will only issue an IRS Form 1099 to Lee Litigation Group, PLLC, who shall issue an IRS Form 1099 to Plaintiff. The total settlement amount shall be reported on Form 1099-MISC and in the box "Gross proceeds paid to an attorney".

Defendants shall make all payments as set forth in the schedule above, regardless of the status of negotiations of this Agreement, or judicial approval. To the extent this Agreement is not yet approved by the Court upon the receipt of any payment, Plaintiff's counsel shall retain such amounts in escrow, to be released upon approval of the Agreement. Any judicial order to terminate the case or close out the lawsuit shall be deemed judicial approval.

For and in consideration of the payment provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges the Company from all Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims, which Claimant has or may have against Company as of the date of this Agreement.

3. Cooperation. Claimant and Defendants mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

4. Third Parties. No portion of this Agreement shall provide any rights to, or be enforceable in any forum by, any person or entity that is not a party to this Agreement.

5. Governing Law and Interpretation. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

6. Jurisdiction. The Settling Parties consent that the federal court district where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

7.      Nonadmission of Wrongdoing. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8.      Amendment. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

9.      Entire Agreement. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

10.     Counterparts. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party who transmits the signature page by facsimile or email.

[Reminder of Page Intentionally Left Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signatures below.

_____
*Lazaro Reyes* (signature)
**LAZARO REYES CRUZ**

**70-30 AUSTIN STREET BAKERY INC.**

By: _____ (signature)
Name: ANTONES ZANNAKIS
Title: VP

**41-06 BELL BLVD. BAKERY LLC**

By: _____ (signature)
Name: ANTONIOS ZANNAKIS
Title: VP

**G.V.S BAKERY, INC.**

By: _____ (signature)
Name: GEORGE STENTHES
Title: PRES

**MARTHA'S COUNTRY BAKERY 2 LLC**

By: _____ (signature)
Name: ANTONES ZANNAKIS
Title: VP

**MARTHA'S COUNTRY BAKERY 3 LLC**

By: _____ (signature)
Name: ANTONIOS ZANNAKIS
Title: VP

4

_____
GEORGE STERTSIOS

_____
ANTONIO ZANNIKOS

The Court retains jurisdiction to enforce this agreement. The Clerk is respectfully requested to terminate this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
10/06/2020

5